# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-07469 PA (SKx) | Date | October 1, 2019 |
| Title | Sarkis Panoyan et al. v. Regalo International LLC | | |

Present: The Honorable PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendant:

None  None

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion to Remand filed by plaintiffs Sarkis Panoyan and Lena Avakian ("Plaintiffs"). (Docket No. 14 ("Mot.").) Defendant Regalo International LLC filed an Opposition, and Plaintiffs filed a Reply. (Docket Nos. 16 and 17.) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing scheduled for October 7, 2019 is vacated, and the matter taken off calendar. For the reasons stated below, the Court denies Plaintiffs' Motion to Remand.

## I. Factual Background

In February 2019, Plaintiffs purchased a "Regalo Home Accents Extra Tall and Walk Thru Baby Gate," Model No. 0320 DS ("Gate") from Defendant. (Docket No. 15 ("FAC") ¶8.) "The Gate utilizes a design that incorporates a metal rail at the bottom of the Gate which rises approximately 1.5 inches from the ground." (Id.) In March 2019, Plaintiff Panoyan used the Gate to house a small dog. (Id. at ¶9.) The Gate was installed at the top of the staircase leading from the second story to the first floor of Plaintiffs' home. (Id.) As Plaintiff Panoyan passed through the Gate, he tripped over the Gate's metal rail and fell down the stairs. (Id.) He sustained injuries to his spine, neck, and arms that necessitated reconstructive surgery and other medical treatment. (Id. at ¶10.) Plaintiffs allege the Gate is defective and lacks sufficient and adequate warnings and instructions. (Id. at ¶8.)

## II. Procedural Background

On June 14, 2019, Plaintiffs filed a Complaint in the Superior Court of California for the County of Los Angeles. (Mot. at Ex. A.) On June 19, 2019, Plaintiffs mailed a copy of the Complaint with a claim letter to Defendant. (Id. at Ex. B.) In the claim letter, Plaintiffs' counsel asked Defendant to "contact [their] office so [they] may discuss whether this matter may be resolved." (Id.) Plaintiffs allege Defendant received these documents on June 25, 2019. (Id. at Ex. C.)

On July 16, 2019, Defendant's counsel contacted Plaintiffs' counsel and asked, "Have you served Regalo International? If so, can you please email me the proof of service?" (Id. at Ex. D.) On July 24, 2019, Defendant's counsel followed up on the issue of service and stated, "In light of your statement that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07469 PA (SKx) | Date | October 1, 2019 |
|---|---|---|---|
| Title | Sarkis Panoyan et al. v. Regalo International LLC | | |

a summons was not included with the letter, we do not consider that our client was served." (Id. at Ex. F.) Plaintiffs' counsel responded, "[t]he materials we sent to your client were the complaint (no summons) and our letter setting forth a general description of our claim . . . nothing else was given to your client. Let me know if you are amenable to accepting service on behalf of your client." (Id. at Ex. G.) Defendant's counsel then stated they are not authorized to accept service on behalf of Defendant. (Id. at Ex. H.) On July 29, 2019, Defendant was served with the Summons and Civil Complaint. (Id. at 5.)

Defendant filed a Notice of Removal on August 27, 2019. (Docket No. 1.) Plaintiffs then filed a Motion to Remand. Plaintiffs also filed a First Amended Complaint on September 16, 2019, the same day that Defendant's Opposition brief was due. In the First Amended Complaint, Plaintiffs state that the "Defendant and Plaintiffs are diverse and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00)." (FAC at ¶3.) Plaintiffs note that they still "contest the timeliness of the Removal of the action to this Court." (Id.)

### III. Legal Standard

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The bases for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and patent jurisdiction under 28 U.S.C. § 1338(a).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The Defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); see also Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). As with all other requirements for removal jurisdiction, the defendant bears the burden of proving the timeliness of its removal and "[s]everal courts have noted that the thirty-day time limit for petitioning for removal will be strictly construed against a defendant." Roberson v. Orkin Exterminating Co., 770 F. Supp. 1324, 1328 (N.D. Ind. 1991) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07469 PA (SKx) | Date | October 1, 2019 |
|---|---|---|---|
| Title | Sarkis Panoyan et al. v. Regalo International LLC | | |

### IV. Analysis

For the reasons stated below, Defendant has showed that Plaintiffs did not serve the Summons until July 29, 2019, and therefore Defendant's removal of the case on August 27, 2019 was timely. Plaintiffs' Motion to Remand is denied.

### A. Diversity Requirements

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). Where "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. . . . When the amount is not facially apparent from the complaint, the court may consider facts in the removal petition, and may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (quotations and citation omitted). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).

Here, Plaintiffs do not contest that the diversity requirements are met. (Mot. at n.1.) According to the Notice of Removal, Plaintiffs are citizens of California, and all members of Defendant (a limited liability company) are citizens of Florida. (Docket No. 1 ¶¶1-2.) Although the amount in controversy was not specified in Plaintiffs' state court Complaint, Plaintiffs did serve a Statement of Damages to Defendant on July 29, 2019 that alleges $5,000,000 in loss of consortium, $2,500,000 in special damages, and $5,000,000 in punitive damages. (Id. at ¶¶4-5.) The Court is satisfied with Defendant's showing that the diversity requirements have been met, and proceeds to an analysis of Plaintiffs' argument that the Notice of Removal is untimely.

### B. Timeliness of Removal

The Supreme Court has clearly interpreted removal "in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Murphy Bros. v. Michetti Pipe

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07469 PA (SKx) | Date | October 1, 2019 |
|---|---|---|---|
| Title | Sarkis Panoyan et al. v. Regalo International LLC | | |

Stringing, 526 U.S. 344, 347-48 (1999) (finding 30-day removal period was not initiated when plaintiff faxed courtesy copy of complaint, without summons, to defendant) (hereinafter "Murphy"). Therefore, the Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Id. (emphasis added); see also id. at 355 (finding that the "'service or otherwise' language was not intended to . . . bypass service as a starter for § 1446(b)'s clock.").

This rule is supported by the Supreme Court's understanding that "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." Id. at 350. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Id. "Unless a named defendant agrees to waive service, the summons continues to function as the sine qua non directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." Id. at 351; see also Jaback v. Am. Baler Co., 2013 U.S. Dist. LEXIS 194159, at *5 (W.D. Wash. Aug. 29, 2013) ("Even without considering the Murphy Bros. Court's reasoning, the need for its holding is apparent. But for the Court's holding, a plaintiff could make removal impossible by the simple expedient of informally delivering the complaint to the defendant, waiting 31 days, then filing the complaint and formally serving it. It seems unlikely that this is what Congress had in mind when it granted defendants the right to remove certain cases from the state courts.").

Here, Plaintiffs did not serve the Summons to Defendant until July 29, 2019. Plaintiff's act of serving the Summons and Complaint to Defendant on July 29th initiated the 30-day removal deadline. This means the deadline for Defendant to file a Notice of Removal was on August 28, 2019. Because Defendant removed the case on August 27, 2019, the removal was timely. See id. at 354 ("[I]f the complaint is filed in court prior to any service, the removal period runs from the service of the summons."); see also Destfino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011) (holding that "each defendant is entitled to thirty days to exercise his removal rights after being served.").

Plaintiffs attempt to distinguish this case from Murphy, but their argument is without merit. Plaintiffs argue that "[u]nlike the faxing of the complaint in [Murphy], the process of delivery in our case was an appropriate method of service under state law and defendant acknowledge receipt of the papers." (Docket No. 17 at 8.) But Plaintiffs admit that they did not send the Summons to Defendant on June 19, 2019, and did not actually serve the Summons until July 29, 2019. Under clear Supreme Court precedent, the 30-day removal clock did not begin until the Summons was served—regardless of the manner in which Plaintiffs initially served the Complaint and claim letter.

Plaintiffs also argue the 30-day removal deadline was initiated on June 25, 2019 because "Defendant should have reasonably inferred that the amount in controversy exceeded $75,000.00" when it reviewed the Complaint and claim letter. (Mot. at 7-8.) This ignores the Supreme Court's clear precedent that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-07469 PA (SKx) | Date | October 1, 2019 |
|---|---|---|---|
| Title | Sarkis Panoyan et al. v. Regalo International LLC | | |

must appear and defend." Murphy, 526 U.S. at 350. This did not happen until July 29, 2019 when Plaintiffs served the Summons. The Court therefore finds that the removal was timely.

## V. Conclusion

For the foregoing reasons, the Court denies Plaintiffs' Motion to Remand. The Court expects the parties to work cooperatively to schedule their discovery and to resolve most if not all disputes without the intervention of the Magistrate Judge or this Court.

IT IS SO ORDERED.